[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter arises out of a complaint brought by the plaintiff, Dana Woodward, in two counts. The first count seeks repayment of money loaned by the plaintiff, Dana Woodward to the defendant, James A. Tuller, in the sum of $45,000 as evidenced by a check to the defendant in that amount. The principal was subsequently reduced to approximately $30,000.
The defendant admits to the debt but claims that it was discharged in bankruptcy.
The second count, which sounds in unjust enrichment, is likewise admitted but is also claimed to be discharged.
This court finds the following facts after having heard all of the evidence in this case.
The plaintiff and defendant are sister and brother-in-law. In December of 1988, the defendant's company was in financial difficulty. In order to assist the company, the plaintiff loaned the money to the defendant. The defendant was the principal owner of the company.
The defendant made some payments to the plaintiff from 1988 to 1990, totaling $19,000. He made no further payments and filed bankruptcy in May of 1992. He did not list the plaintiff as a creditor.
Subsequent to this the defendant told the plaintiff that she was not listed as a creditor in the bankruptcy action. The plaintiff was also told by the defendant's wife, Susan Tuller, (the plaintiff's sister), that the bankruptcy was filed on behalf of the corporation. The defendant subsequently told the plaintiff that she would be paid.
The court concludes that the plaintiff was never notified of the defendant's bankruptcy and had no knowledge of it. Under the provisions of 11 U.S.C. § 523 (a)(3) "a discharge . . . does not discharge an individual debtor from any debt matter listed nor scheduled . . ." CT Page 4084
(A) . . . unless such creditor had notice or actual knowledge of the case . . ."
Inasmuch as this court has found that the plaintiff had no notice or actual knowledge, the court must find that the debt owed by the defendant to the plaintiff was not discharged in bankruptcy.
Although the defendant argues that the claim is not barred from discharge, this issue is best left to a determination by the bankruptcy court at a future time.
Judgment may enter for the plaintiff to recover of the defendant the principal balance of $28,438.26 plus interest of $21,610.17, (pursuant to General Statute § 37-3a), or a total of $50,048.43. Said sum is calculated as follows:
Principal
45,000 Interest 12/29/88 — 4/14/89, 106 days @ 12.328 Per Day = 1,306.76
4/15/89 payment 15,000
30,000 4/15/89 — 5/1/89 @ 8.219 Per Day 10 days = 131.50
5/1/89 payment 3,000
 1,438.26 Interest 1,561.74 Principal ------------------ Principal Balance 28,438.26
Principal
28,438.26 5/2/89 — 4/1/90 = 334 days @ 7.7912 Per Day = 2,602.26 Interest 4/1/90 1,000 payment 1,000.00 ---------------------- 1,602.29 Interest Balance
 4/2/90 — 4/2/97 7 years x 2,843.80 = 19,906.60 Interest
4/2/97 — 4/15/97 @ 7.791 Per Day x 13 days CT Page 4085 = 101.28 Interest
Balance $ 28,438.26 1,602.29 19,906.60 101.28 ----------- $ 50,048.43
Freed, J.